UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD CHAPPELL,

        Plaintiff,

                                    Civil Action 2:14-cv-01141
        v.                          Judge Michael H. Watson
                                    Magistrate Judge Elizabeth P. Deavers

OHIO SUPREME COURT,

        Defendant.

### ORDER and INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Ronald Chappell, an Ohio inmate who is proceeding without the assistance of counsel, brings this action against Defendant, the Ohio Supreme Court ("Supreme Court"). Plaintiff seeks relief in the form of a Writ of Procedendo/Mandumus requiring the Court to proceed to judgment in Case No. 14-0842, which is presently pending.   This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.   (ECF No. 1.)   The Motion is **GRANTED**.   Plaintiff's trust account statement reveals that he currently possesses the sum of $6.50 in his prison account, which is insufficient to pay the full filing fee. His application indicates that his average monthly deposits for the six-month period prior to filing his application to proceed *in forma pauperis* were $8.25.   Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate Identification Number # A632619) at the Southern Ohio Correctional Facility is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)).   To address this concern, Congress included subsection (e)[1] as part of the statute, which

provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court shall dismiss the case at any time if the court determines that--
>
>     \*       \*       \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.   Thus, Section 1915(e) requires *sua*

*sponte* dismissal of an action upon a court's determination that the action is frivolous or malicious,

or upon determination that the action fails to state a claim upon which relief may be granted.

     To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements

set forth in Federal Rule of Civil Procedure 8(a).   Under Rule 8(a)(2), a complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ.

P. 8(a)(2).   Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action,'" is insufficient.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007)).   Further, a complaint will not "suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"   *Id.* (quoting *Twombly*, 550 U.S. at 557).

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a

---

[1]Formerly 28 U.S.C. § 1915(d).

claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).   Facial

plausibility is established "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*   In

considering whether this facial plausibility standard is met, a Court must construe the complaint in

the light most favorable to the non-moving party, accept all factual allegations as true, and make

reasonable inferences in favor of the non-moving party.   *Total Benefits Planning Agency, Inc. v.*

*Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).   The

Court is not required, however, to accept as true mere legal conclusions unsupported by factual

allegations.   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).   In addition, the Court

holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"

*Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1,

2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

The Undersigned finds that Plaintiff has failed to state a claim for which this Court can

grant relief. In his Complaint, Plaintiff sets for the timeline of events in his Ohio Supreme Court

Case, No. 14-0842.   According to Plaintiff, the Ohio Supreme Court was required by Supreme

Court Practice Rule 12.04(c) to rule on the pending action by June 30, 2014.   Plaintiff brings this

action under 28 U.S.C. § 1651, seeking a Writ of Procedendo/Mandamus requiring the Ohio

Supreme Court to proceed to judgment in his case.   This Court, however, lacks jurisdiction to

issue such a writ.

"Under 28 U.S.C. § 1651, federal courts may issue all writs necessary or appropriate in aid

of their respective jurisdiction, including writs in the nature of mandamus." *Haggard v. State of*

*Tenn.*, 421 F.2d 1384, 1385-86 (6th Cir. 1970).   Federal Courts, however, "'have no authority to

4

issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.'" *Seyka v. Corrigan*, 46 F.App'x 260, 261 (6th Cir. 2002) (quoting *Haggard*, 421 F.2d at 386); *see also Patzlaff v. South Dakota Supreme Court Justices*, 187 F.3d 637, at *1 (6th Cir. 1999) (concluding that, although 28 U.S.C. § 1651 "provides that the federal courts may issue all writs necessary to enforce the law . . . including writs in the nature of mandamus . . . no federal court—regardless of its geographical jurisdiction may issue a writ of mandamus to compel state officers to act . . . ."); *Woods v. Weaver*, 13 F. App'x 304, 306 (6th Cir. 2001) (denying an inmate a writ of mandamus to compel the state court to rule on the merits of his motion because federal courts do not have authority to issue such a writ); *Leisure v. Bettis*, 248 F.3d 1149, at *1 (6th Cir. 2000) (same).

Plaintiff's Complaint is, in its entirety, a request for this Court to order the Ohio Supreme Court to take action. Irrespective of the merits of his claims, this Court does not have jurisdiction to issue such a writ. Accordingly, it is recommended that the Court dismiss Plaintiff's Complaint.

## III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted))

**IT IS SO ORDERED.**

Date: August 19, 2014                                          _____/s/ *Elizabeth A. Preston Deavers*_____
                                                                       Elizabeth A. Preston Deavers
                                                                       United States Magistrate Judge